UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

DANIEL CASAMAYOR,

    Petitioner,

V.

WARDEN OF U.S.P. McCREARY,

    Respondent.

Civil Action No. 6: 23-105-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Daniel Casamayor is a federal prisoner currently confined at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without counsel, Casamayor has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the $5.00 filing fee. [R. 4] Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In his § 2241 petition, Casamayor challenges his conviction for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(l)(A) and 2. [R. 1-1 at p. 6] Specifically, Casamayor argues that the predicate offense that formed the basis of his § 924(c) conviction is unclear from the record, as there were two potential predicate offenses, one of which is no longer a valid predicate offense following the United States Supreme Court's

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

decision in *United States v. Taylor*, 142 S.Ct. 2015 (2022).[2] Casamayor has previously filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the court that sentenced him. [R. 1-1 at p. 8] Thus, he seeks to pursue this claim in a § 2241 petition via the "saving clause" § 2255(e) on the grounds that the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his conviction. [R. 1-1 at p. 8-10]

However, Casamayor's § 2241 petition must be dismissed for lack of subject-matter jurisdiction. While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," Section 2441's applicability is severely restricted by 28 U.S.C. § 2255, which "serves as the primary means for a federal prisoner to challenge his conviction or sentence." *See Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021). Thus, a federal prisoner generally may not use a § 2241 petition to challenge the legality of his conviction or enhancement of his sentence, but must instead file a motion under § 2255 in the court that sentenced him. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition).

However, "[s]ince the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2)." *Jones v. Hendrix*, 599 U.S. ---, 143 S.Ct. 1857, 1863 (2023). Accordingly, a federal prisoner may not "file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Id*. Thus,

---

[2] In *Taylor*, the Supreme Court held that "whatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause [of §924(c)]." *Taylor*, 142 S.Ct. at 2020.

Casamayor is unable to bring his claim based upon a favorable change of statutory interpretation in a second or successive § 2255 motion.

Prior to the Supreme Court's decision in *Jones*, many federal Circuit Courts of Appeal (including the Sixth Circuit) allowed a federal prisoner to challenge his conviction or the enhancement of his sentence in a § 2241 petition filed pursuant to the "saving clause" of 28 U.S.C. § 2255(e), which authorizes a habeas petition if it appears that remedy afforded by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *See* 28 U.S.C. § 2255(e). For example, in the Sixth Circuit, a petitioner could satisfy the saving clause (and, therefore, challenge his sentence in a § 2241 petition) by showing "'that he had no prior reasonable opportunity to bring [his] argument' in his earlier section 2255 proceedings…by identifying a Supreme Court decision that post-dates his original section 2255 proceedings, adopts a new interpretation of the statute of conviction, and supports his innocence claim." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)) (other citation omitted).

However, in *Jones*, the Supreme Court held that "the saving clause does not authorize such an end-run around the AEDPA." *Jones*, 143 S.Ct. at 1868. Rather, the inability of a prisoner with a statutory claim to satisfy the two limited conditions specified by § 2255(h) "in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences…does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 1869. Thus, just as a federal prisoner may not rely in a favorable change of statutory law to file a second or successive § 2255 motion, nor may he raise such a claim in a § 2241 petition on the grounds that the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of his detention. *Id*. at 1868.

In light of *Jones*, a federal prisoner may no longer seek relief from his conviction or sentence based upon a favorable change in statutory interpretation in a § 2241 petition filed via the saving clause of § 2255(e), such as the § 2241 petition filed by Casamayor. The saving clause is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding. *Taylor*, 990 F.3d at 499-500. Because *Jones* makes clear that Casamayor is unable to clear this hurdle, his § 2241 petition must be dismissed for lack of subject-matter jurisdiction. *Id*.

Accordingly, it is hereby **ORDERED** as follows:

1. Casamayor's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. A corresponding Judgment will be entered this date.

This the 24th day of July, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY